UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-55 JVS (RNBx) | Date | March 19, 2012 |
| Title | Joames E. Olds, Jr. V. Metlife Home Loans, et al. | | |

Present: The Honorable     James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order DENYING Defendant Metlife's Motion to Dismiss and GRANTING IN PART Defendant Metlife's Motion to Strike (fld 1-20-12)**

On January 20, 2012, Defendant MetLife Home Loans, a division of MetLife Bank, N.A. ("MetLife") filed a motion to dismiss the complaint of Plaintiff James Olds, Jr. ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6), and a motion to strike portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f). (Docket Nos. 8-9.) MetLife also filed a request for judicial notice ("RJN 1") in support of both motions.[1] (Docket No. 10.) Plaintiff opposed both motions on February 13, 2012. (Docket Nos. 12-13.) Plaintiff also objected to RJN 1. (Docket No. 14.) MetLife replied on February 17, 2012. (Docket Nos. 15-16.) MetLife also filed another request for judicial notice ("RJN 2")[2] and a reply to Plaintiff's objection to RJN 1. (Docket Nos. 17-18.)

---

[1] Under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not "subject to reasonable dispute." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). Accordingly, the Court takes judicial notice of the loan documents (RJN 1 at 68-90, 94-95) in RJN 1. However, the Court declines to take judicial notice of the declaration attached to the notice of default (RJN 1 at 91-92) because it contains disputed facts. With respect to the Court documents (RJN 1 at 4-59, 129-33) in RJN 1, the Court takes judicial notice that the proceedings occurred, but it declines to take judicial notice of any findings of fact made by the Orange County Superior Court. See Walker v. Woodford, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006). The Court also declines to take judicial notice of the correspondence that MetLife allegedly sent to Plaintiff (RJN 1 at 97-107) and the computer records of MetLife's "loan delinquency/servicing notes" (RJN 1 at 109-27) because they are not public records and they contain disputed facts.

[2] With respect to the Court documents (RJN 2 at 4-16) in RJN 2, the Court takes judicial notice that the proceedings occurred.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 12-55 JVS (RNBx)     Date March 19, 2012

Title     Joames E. Olds, Jr. V. Metlife Home Loans, et al.

I.     Background

     Plaintiff borrowed $311,000 to finance the purchase of real property located in Fullerton, California. (Compl. ¶ 2; RJN 1 at 68.) The loan was secured by a note and deed of trust dated December 3, 2003. (RJN 1 at 68-86.) Plaintiff "fell behind on his mortgage obligation" and defaulted on the loan. (Compl. ¶ 15.) A notice of default was recorded in July 2011 (RJN 1 at 88-90), and a notice of trustee's sale was recorded in October 2011 (Id. at 94-95). Apparently the trustee's sale has not yet occurred. (See Def.'s Mot. to Dismiss 4.)

     Plaintiff initially filed a complaint in Orange County Superior Court, but MetLife removed the action to this Court. (Docket No. 1.) The complaint alleges violations of California Business and Professions Code section 17200 and California Civil Code section 2923.5.[3]

II.     Legal Standards

     A.     Motion to Dismiss

     Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

     In resolving a 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. Furthermore, the Court must not "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded

---

[3] Plaintiff also refers to California Civil Code section 2923.6, but he does not appear to assert a cause of action under this section. (See Compl. ¶¶ 28-29.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-55 JVS (RNBx)    Date  March 19, 2012

Title  Joames E. Olds, Jr. V. Metlife Home Loans, et al.

factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Because factual challenges have no bearing under Rule 12(b)(6), generally speaking, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. There are, however, two exceptions to this general rule that do not demand converting the motion to dismiss into one for summary judgment. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). First, a court may consider material that is either attached to the complaint or material upon which the complaint relies, provided the material's authenticity is not contested. Id. Second, under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute. Id. at 688-89.

B.   Motion to Strike

Under Rule 12(f), a party may move to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the Court may take judicial notice. SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). The essential function of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v.A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Where a party moves to strike a prayer for damages on the basis that the damages sought are precluded as a matter of law, the request is more appropriately examined as a motion to dismiss. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974-75 (9th Cir. 2010) ("We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.").[4]

---

[4] Since Whittlestone, district courts have begun to apply the Rule 12(b)(6) analysis to motions such as the present one. See e.g., Daly v. United Healthcare Ins. Co., No. 10-CV-03032-LHK, 2010 WL 4510911, at *7 (N.D. Cal. Nov. 1, 2010); Benge v. Sprueill, No. CV F 10-0978 LJO SMS, 2010 WL 4237305, at *2 (E.D. Cal. Oct. 21, 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-55 JVS (RNBx) | Date | March 19, 2012 |
| Title | Joames E. Olds, Jr. V. Metlife Home Loans, et al. | | |

III. Discussion

    A. Motion to Dismiss

Plaintiff's complaint asserts two causes of action. Because the first cause of action is derivative of the second cause of action, the Court addresses the second cause of action first.

        1. Second Cause of Action: California Civil Code Section 2923.5

Section 2923.5 requires, *inter alia*, that a lender, mortgagee, trustee, beneficiary, or authorized agent contact a borrower "in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code § 2923.5(a)(2). "While section 2923.5 requires the borrower to discuss options to prevent foreclosure, it does not require that any loan modification take place." Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1098 (E.D. Cal. 2010). In fact, the requirements of "assessment" and "exploration" imposed on lenders by this section are to be construed narrowly. Mabry v. Superior Court, 185 Cal. App. 4th 208, 232 (2010). "Exploration must necessarily be limited to merely telling the borrower the traditional ways that foreclosure can be avoided (e.g., deeds 'in lieu,' workouts, or short sales)." Id. In short, borrowers are not entitled to a loan modification under this section. Id. at 231.

Section 2923.5(g) states that "[a] notice of default may be filed . . . when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent." § 2923.5(g). Subdivision (g) sets forth a specific procedure for attempting to contact the borrower that satisfies this due diligence requirement. § 2923.5(g)(1)-(5). "If section 2923.5 is not complied with, then there is no valid notice of default and, without a valid notice of default, a foreclosure sale cannot proceed." Mabry, 185 Cal. App. 4th at 223.

Plaintiff alleges that MetLife violated section 2923.5 because it "did not contact [him] to discuss his financial situation and explore options to avoid foreclosure" prior to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-55 JVS (RNBx) | Date | March 19, 2012 |
|---|---|---|---|
| Title | Joames E. Olds, Jr. V. Metlife Home Loans, et al. | | |

recording the notice of default and, therefore, the foreclosure sale cannot proceed. (Compl. ¶¶ 17, 19, 42, 45.) MetLife argues that this cause of action should be dismissed because it has complied with the due diligence requirement of section 2923.5. However, at the motion to dismiss stage, the Court's review is confined to the allegations in the complaint and matters of public record of which it has taken judicial notice. See Lee, 250 F.3d at 688. The Court has declined to take judicial notice of the declaration attached to the notice of default, the correspondence that MetLife allegedly sent to Plaintiff, the computer records of MetLife's "loan delinquency/servicing notes," and the findings of fact made by the Orange County Superior Court. MetLife's arguments appear to be more appropriately addressed on a motion for summary judgment. The Court is satisfied that Plaintiff has sufficiently pled a claim for violation of section 2923.5. Accordingly, the Court DENIES MetLife's motion to dismiss this cause of action.

        2.    First Cause of Action: California Business & Professions Code Section 17200

California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. Recovery under the UCL is limited to restitution or injunctive relief. An act can be alleged to violate any or all of the three prongs of the UCL — unlawful, unfair, or fraudulent. A claim pursuant to section 17200 is derivative and generally requires an underlying claim in order to be valid. See Castaneda v. Saxon Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1202 (E.D. Cal. 2009) (noting that section 17200 is generally derivative of some other illegal conduct or fraud committed by a defendant).

Plaintiff alleges that MetLife violated section 17200 due to its "failure to comply [sic] California Civil Code § 2923.5 and/or § 2923.6." (Compl. ¶¶ 28-29.) "In effect, the UCL borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." Lazar v. Hertz Corp., 69 Cal. App. 4th 1494, 1505 (1999). Because Plaintiff has sufficiently pled a cause of action for violation of section 2923.5, he has sufficiently pled a cause of action under the UCL as well. Accordingly, the Court DENIES MetLife's motion to dismiss this cause of action.

    B.    Motion to Strike

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-55 JVS (RNBx) | Date | March 19, 2012 |
| Title | Joames E. Olds, Jr. V. Metlife Home Loans, et al. | | |

MetLife argues that all of the relief sought by Plaintiff is precluded as a matter of law. Therefore, the motion to strike is more appropriately examined as a motion to dismiss. See Whittlestone, 618 F.3d at 974-75.

The only remedy for a violation of section 2923.5 is postponement of the foreclosure sale until there is compliance with this section. Mabry, 185 Cal. App. 4th at 214 (finding a private right of action under section 2923.5 but noting "[t]he right of action is limited to obtaining a postponement of an impending foreclosure to permit the lender to comply with section 2923.5."). Plaintiff appropriately seeks "injunctive relief for violation of Section 2923.5 according to [Mabry, 185 Cal. App. 4th 208]." (Compl., Prayer for Relief ¶ 8.)

Remedies for violation of the UCL are generally limited to injunctive relief and restitution. Cel-Tech Commc'ns v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 179 (1999). Plaintiff appropriately seeks injunctive relief and restitution for violation of the UCL. (Compl. ¶¶ 31, 33, Prayer for Relief ¶¶ 1-3.) However, Plaintiff may not seek damages, interest, or attorney fees under the UCL[5] or section 2923.5. (Compl., Prayer for Relief ¶¶ 4-5, 7.)

California Civil Code section 3294(a) states that punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Plaintiff alleges in paragraph 22 of the complaint that the Defendants acted "willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of Plaintiff's notice and disclosure rights." (Compl. ¶ 22, Prayer for Relief ¶ 6.) However, Plaintiff fails to allege that the "acts of employees of [MetLife] were done with the knowledge or under the express direction or ratification of an officer, director or managing agent of the corporation." See Scannell v. Cnty. of Riverside, 152 Cal. App. 3d 596, 614 (1984).

Accordingly, the Court strikes Plaintiff's requests for damages, interest, attorney fees, and punitive damages. Plaintiff shall have 20 days leave to amend the complaint only as to his request for punitive damages.

---

[5] Cel-Tech Commc'ns, 20 Cal. 4th at 179 (providing that plaintiffs may not recover damages or attorney fees under the UCL); Walker v. Countrywide Home Loans, Inc., 98 Cal. App. 4th 1158, 1179 (2002) ("The unfair competition law does not provide for attorney fees . . . .").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-55 JVS (RNBx)                                    Date   March 19, 2012

Title   Joames E. Olds, Jr. V. Metlife Home Loans, et al.

IV.     Conclusion

      For the foregoing reasons, MetLife's motion to dismiss is DENIED. The motion to strike is GRANTED in part and DENIED in part.

                                                                                                           :     00

Initials of Preparer      kjt